UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IAN FITCH, Individually and on Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| 22ND CENTURY GROUP, INC., HENRY SICIGNANO III, and JOHN T. BRODFUEHRER, | |
| Defendants. | |

Plaintiff Ian Fitch ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding 22nd Century Group, Inc. ("22nd Century" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

**NATURE OF THE ACTION**

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired 22nd Century securities between February 18, 2016 through October 25, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      22nd Century is a company that purportedly has the technology and plant breeding expertise to regulate the level of nicotine (and other nicotinic alkaloids) in tobacco plants.  The Company has touted how it is able to grow tobacco with "up to 97% less nicotine than conventional tobacco."

3.      Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:   (1) 22nd Century's stock was prone to manipulation through paid stock promotions; (2) such conduct would subject 22nd Century to heightened regulatory scrutiny by the SEC; and (3) consequently, 22nd Century's public statements were materially false and misleading and/or lacked a reasonable basis at all relevant times.

4.      On February 2, 2018, *Seeking Alpha* published an article by Fuzzy Panda Research stating that 22nd Century's stock price had been inflated through various paid stock promotion articles from 2014 through 2017, some of which had disclosed the paying party and amount, and others which did not.

2

5.     On this news, shares of 22nd Century fell $0.35 per share or over 11% to close at $2.73 per share on February 2, 2018.

6.     Then, on October 25, 2018, Fuzzy Panda Research disclosed in another *Seeking Alpha* article that its Freedom of Information Act ("FOIA") requests from the SEC for "all documents in the possession of SEC that pertain to investigations regarding 22nd Century Group (XXII) for the time period January 1, 2016 through July 16, 2018" had been denied.   According to the article, the SEC would not release the documents because doing so could "reasonably be expected to interfere with on-going enforcement proceedings."   The article built on a March 7, 2018 *Seeking Alpha* article by Sharesleuth which explained how a "stealth promotion network" posted positive articles about the Company at suspicious times in 2017, including (i) after investors took part in placements and/or warrant exercises, enabling them to profit as 22nd Century's share price surged; and (ii) immediately before and after 22nd Century had announced it was selling new shares at discount prices in October 2017.

7.     On this news, shares of 22nd Century fell $0.11 per share or over 4% to close at $2.45 per share on October 25, 2018.

8.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9.     The claims asserted herein arise under and pursuant to §§ 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

11. Venue is proper in this Judicial District pursuant to § 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) as the Company's principal executive offices are located within this Judicial District.

12. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

13. Plaintiff, as set forth in the attached Certification, acquired the Company's securities at artificially inflated prices during the Class Period and were damaged upon the revelation of the alleged corrective disclosures.

14. Defendant 22nd Century provides technology that increases or decreases the nicotine levels and other nicotinic alkaloids in tobacco plants, and cannabinoids in hemp/cannabis plants through genetic engineering and plant breeding. 22nd Century is incorporated in Nevada. Its principal place of business is in Williamsville, New York. 22nd Century's shares trade on the New York Stock Exchange ("NYSE") under the ticker symbol "XXII."

15. Defendant Henry Sicignano, III ("Sicignano") has served as the Company's Chief Executive Officer ("CEO") since March 3, 2015. He also served as the Company's Chief Operating Officer ("COO") from October 25, 2014 to March 3, 2015.

16.     Defendant John T. Brodfuehrer ("Brodfuehrer") has served as the Company's Chief Financial Officer ("CFO") since March 2013 and serves as the Company's Treasurer.

17.     Defendants Sicignano and Brodfuehrer are collectively referred to herein as the "Individual Defendants."

18.     Defendants 22nd Century and the Individual Defendants are collectively referred to herein as "Defendants."

19.     The Individual Defendants possessed the power and authority to control the contents of the Company's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.   The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements Issued During the Class Period

20.     On February 18, 2016, the Company filed a Form 10-K with the SEC, which provided its financial results and position for the fiscal year ended December 31, 2015 (the "2015 10-K").  The 2015 10-K was signed by Defendants Sicignano and Brodfuehrer.  The 2015 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Sicignano and Brodfuehrer attesting to the accuracy of financial reporting, the

disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

21.     The Company's 2015 10-K stated that its stock price was subject to volatility but failed to disclose its stock could experience volatility due to manipulation:

***Our stock price may be highly volatile and could decline in value.***

Our common stock is currently traded on the NYSE MKT and the market prices for our common stock have been volatile. Further, the market prices for securities in general have been highly volatile and may continue to be highly volatile in the future. The following factors . . . may have a significant impact on the market price of our common stock:

- results from and any delays in any clinical trials programs;
- failure or delays in entering potential products into clinical trials;
- failure or discontinuation of any of our research programs;
- delays in establishing new strategic relationships;
- delays in the development of our potential products and commercialization of our potential products;
- market conditions in our sector and issuance of new or changed securities analysts' reports or recommendations;
- general economic conditions, including recent adverse changes in the global financial markets;
- actual and anticipated fluctuations in our quarterly financial and operating results;
- developments or disputes concerning our intellectual property or other proprietary rights;
- introduction of technological innovations or new commercial products by us or our competitors;
- issues in manufacturing or distributing our products or potential products;
- market acceptance of our products or potential products;
- third-party healthcare reimbursement policies;
- FDA or other United States or foreign regulatory actions affecting us or our industry;
- litigation or public concern about the safety of our products or potential products;
- additions or departures of key personnel;
- third-party sales of large blocks of our common stock;
- sales of our common stock by our executive officers, directors, or significant stockholders; and
- equity sales by us of our common stock or securities convertible into common stock to fund our operations.

22.     On March 8, 2017, the Company filed a Form 10-K with the SEC, which provided its financial results and position for the fiscal year ended December 31, 2016 (the "2016 10-K").  The 2016 10-K was signed by Defendants Sicignano and Brodfuehrer.  The 2016 10-K contained signed SOX certifications by Defendants Sicignano and Brodfuehrer attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.  The Company's 2016 10-K stated that "management concluded that our internal control over financial reporting was effective as of December 31, 2016."

23.     The Company's 2016 10-K stated that its stock price was subject to volatility but failed to disclose its stock could experience volatility due to manipulation:

***Our stock price may be highly volatile and could decline in value.***

Our common stock is currently traded on the NYSE MKT and the market prices for our common stock have been volatile. Further, the market prices for securities in general have been highly volatile and may continue to be highly volatile in the future. The following factors, in addition to other risk factors described in this section, may have a significant impact on the market price of our common stock:

- results from and any delays in any clinical programs
- failure or delays in entering potential products into clinical trials;
- failure or discontinuation of any of our research programs;
- delays in establishing new strategic relationships;
- delays in the development of our potential products and commercialization of our potential products;
- market conditions in our sector and issuance of new or changed securities analysts' reports or recommendations;
- general economic conditions, including recent adverse changes in the global financial markets;
- actual and anticipated fluctuations in our quarterly financial and operating results;
- developments or disputes concerning our intellectual property or other proprietary rights;
- introduction of technological innovations or new commercial products by us or our competitors;

- issues in manufacturing or distributing our products or potential products;
- market acceptance of our products or potential products;
- third-party healthcare reimbursement policies;
- FDA or other United States or foreign regulatory actions affecting us or our industry;
- litigation or public concern about the safety of our products or potential products;
- additions or departures of key personnel;
- third-party sales of large blocks of our common stock;
- sales of our common stock by our executive officers, directors, or significant stockholders; and
- equity sales by us of our common stock or securities convertible into common stock to fund our operations.

24.     On March 7, 2018, the Company filed a Form 10-K with the SEC, which provided its financial results and position for the fiscal year ended December 31, 2017 (the "2017 10-K"). The 2017 10-K was signed by Defendants Sicignano and Brodfuehrer. The 2017 10-K contained signed SOX certifications by Defendants Sicignano and Brodfuehrer attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud. The Company's 2017 10-K stated that "management concluded that our internal control over financial reporting was effective as of December 31, 2017."

25.     The Company's 2017 10-K stated that its stock price was subject to volatility but failed to disclose its stock could experience volatility due to manipulation:

***Our stock price may be highly volatile and could decline in value.***

Our common stock is currently traded on the NYSE American and the market prices for our common stock have been volatile. Further, the market prices for securities in general have been highly volatile and may continue to be highly volatile in the future. The following factors, in addition to other risk factors described in this section, may have a significant impact on the market price of our common stock:

- failure or discontinuation of any of our research programs;
- delays in establishing new strategic relationships;

- delays in the development of our potential products and commercialization of our potential products;
- market conditions in our sector and issuance of new or changed securities analysts' reports or recommendations;
- general economic conditions, including recent adverse changes in the global financial markets;
- actual and anticipated fluctuations in our quarterly financial and operating results;
- Developments or disputes concerning our intellectual property or other proprietary rights;
- introduction of technological innovations or new commercial products by us or our competitors;
- issues in manufacturing or distributing our products or potential products;
- market acceptance of our products or potential products;
- third-party healthcare reimbursement policies;
- FDA or other United States or foreign regulatory actions affecting us or our industry;
- litigation or public concern about the safety of our products or potential products;
- additions or departures of key personnel;
- third-party sales of large blocks of our common stock;
- sales of our common stock by our executive officers, directors, or significant stockholders; and
- equity sales by us of our common stock or securities convertible into common stock to fund our operations.

26.     The statements contained in ¶¶20-25 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them.   Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:   (1) 22nd Century's stock was prone to manipulation through paid stock promotions; (2) such conduct would subject 22nd Century to heightened regulatory scrutiny by the SEC; and (3) consequently, 22nd Century's public statements were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## THE TRUTH BEGINS TO EMERGE

27.     On February 2, 2018, *Seeking Alpha* contributor Fuzzy Panda Research stated that 22nd Century utilized a years' long "[r]ampant paid stock promotion" scheme to inflate 22nd Century's share price.   According to the article, the sponsors of some of the articles from 2014 through 2017 were undisclosed.   The article states, in relevant part:

### 22nd Century - Cutting Through The Smoke And Hype - 75% Downside Summary

•       Reverse merger into mining shell; headquarters is located at a dentist office.
•       Negative gross margins - so revenue growth equals increased losses.
•       Rampant paid stock promotion (including free stock for buying cartons of cigarettes).
•       "Technology" viewed as worthless by Major Tobacco + all companies, but XXII has a low nicotine product. Low nicotine tobacco has been around since the 1930s!
•       Sea of red flags + consistent exaggeration about technology.

* * *

The company has spun the narrative that "22nd Century is the only company in the world capable of growing tobacco with non-addictive levels of nicotine" - (Source). We will show you this is far from the truth and prove to you that this is likely nothing more than another paid stock promotion that will crumble under shareholder dilution.

Our analysis of 22nd Century will focus on three realities that you won't find in its press releases.

1. **Dismantling the hype of 22nd Century's "Technology"** –
   •   In reality XXII is the only tobacco company that can't publicly market and sell a low nicotine tobacco product in the USA right now.
   •   Removing nicotine from tobacco is not new or novel; in fact it was first discovered in the 1930s! Multiple major tobacco companies have 2-5 times more patents than XXII in the low-nicotine space (XXII has <1% of the patents).
   •   British American Tobacco (NYSEMKT:BTI) (BAT) put a nail in XXII's coffin by deciding that XXII patent portfolio isn't even worth $3 million!
   •   The only two product hopes for XXII have already FAILED: Brand A cigarettes FAILED in December 2016 to get their FDA Modified Risk

Tobacco Product (MRTP) designation; and X-22 FAILED phase IIb trials back in 2012. Neither product even currently has new applications/research studies pending.

2. **XXII's Horrible Fundamentals** - Great businesses are not usually reverse mergers of OTC mining companies run out of dentist office that give away free stock with every pack of cigarettes sold - it turns out XXII is not an exception to this rule.
   - NEGATIVE GROSS MARGINS - 22nd Century generates $0.93 of revenue for every $1.00 of product costs…a terrible business model.
   - LESS than 2% of the company's revenue comes from low nicotine tobacco (and that revenue is declining!).
   - Where does the revenue come from then? - 98.5% of revenue from selling the highest nicotine cigarettes in the USA (Red Sun) and third-party normal cigars and cigarettes.
   - Company burning over ~$12 million of cash a year.
   - Huge stock dilution - Share count up by >600%

3. **Red Flags Galore - Who is protecting shareholders?**
   - Founder & Former CEO Joseph Pandolfino charged with share price manipulation by SEC and got an FTC consent order for FALSE advertising.
   - Joe, the founder with an SEC and FTC order, accused current management of corporate governance concerns.
   - Paid stock promoters involved and company gave away shares when you bought cigarettes.
   - Headquarters shared with a local dentist!
   - Reverse merger into OTC mining company.
   - Insider sales & institutional investors dumping shares and warrants from six months ago.
   - Bankers (Chardan), investor relations (IRTH), and auditors (Freed Maxick) all have a very checkered past where investors have gotten fleeced.

* * *

Paid stock promotion is commonplace in penny stocks similar to XXII and is a great indicator of good short candidates. Why? **We believe legitimate companies do not pay stock promoters!**

   **Partial list of the Paid Stock Promotions:**

**XXII Paid Stock Promotions!** (Partial List)

| Stock Promoter | Date | Amount | Paying Party | Title |
|---|---|---|---|---|
| Small Cap Network | 10/23/2017 | undisclosed | undisclosed | 22nd Century Group Inc (XXII) - Smoke and a Pancake! |
| Small Cap Traders | 9/19/2017 | undisclosed | undisclosed | Daily Trader Update |
| The Stock Expert.com | 8/4/2017 | $32,500 | Sunrise Media | Long Term Play Watch: XXII Hits New 52 Week High Up |
| Road Runner Stocks (Inv | 8/3/2017 | undisclosed | undisclosed | *The corner of High and Main...* |
| The Stock Expert.com | 6/16/2017 | $12,500 | Sunrise Media | XXII Makes Gains Of 12% After Our Alert |
| Small Cap Traders | 6/8/2017 | Unpaid? | undisclosed | "A New Century in Bio-engineering" |
| Road Runner Stocks (Inv | 5/15/2017 | undisclosed | undisclosed | |
| Stock Trade Wire | 6/22/2016 | $2,000 | Infinity Consulting, LLC | Red Hot Mega Pick - $XXII |
| Small Cap IR | 5/26/2016 | $25,000 | Star Media | XXII just in product to be placed in 750 retail stores |
| Small Cap Leader | 5/24/2016 | $20,000 | Third Coast Media | 22nd Century Group, Inc.(XXII) is our new NYSE alert |
| Stocks Impossible | 5/24/2016 | $25,000 | Star Media | Could this one be a takeover target? |
| Ultimate Stock Alerts | 1/28/2016 | $20,000 | Star Media | NYSE Alert |
| Street Picks | 1/24/2016 | $15,000 | Star Media | Update 22nd Century Group and this week |
| Small Cap Leader | 1/20/2016 | $15,000 | Star Media | Extremely quick FDA response NYSE profile inside |
| First Penny Picks | 12/17/2015 | $10,000 | Star Media | XXII medical marijuana collaboration and more |
| Small Cap Leader | 12/16/2015 | $15,000 | Star Media | XXII News Update |
| AwesomeStocks.com | 12/16/2015 | $20,000 | Star Media | Trade Idea: 22nd Century Group, Inc. (NYSE: XXII) |
| Blazing Penny Stocks | 4/23/2015 | undisclosed | undisclosed | Is This Cigarette the Future of Smoking? |
| Pennybuster.com | 9/9/2014 | undisclosed | undisclosed | ***** XXII Huge News ***** |
| pennystockprophecy | 3/6/2014 | undisclosed | undisclosed | ****XXII*** |
| **Total Spent** | | **$212,000** | | |

(Emphasis added.)

28.     On this news, shares of 22nd Century fell $0.35 per share or over 11% to close at $2.73 per share on February 2, 2018.

29.     On October 25, 2018, *Seeking Alpha* contributor Fuzzy Panda Research suggested the SEC is actively investigating 22nd Century Group for its involvement in a potential pump and dump scheme.

30.     According to the article, the SEC refused to provide documents pursuant to a FOIA request that concerned investigations of 22nd Century from January 1, 2016 through July 16, 2018 because doing so "could reasonably be expected to interfere with on-going enforcement proceedings."[1]   The article stated, in relevant part:

<u>**22nd Century Group - FOIAs Reveal Suspected Undisclosed SEC Investigation Summary**</u>

•      Our FOIA requests on 22nd Century Group received a 7(a) exemption response including the line "releasing the withheld information could reasonably be

---

[1] The SEC cited FOIA exemption 5 U.S.C. § 552(b)(7)(A), 17 C.F.R. § 200.80(b)(7)(i).

- expected to interfere with on-going enforcement proceedings". As a result, we suspect there is an ongoing SEC investigation regarding the company.

- Sharesleuth exposed articles from network of connected authors promoting XXII – those authors also wrote about many other "IRTH Communications" & "Honig, Brauser, and Frost" companies.

- Still no MRTP (Modified Risk Tobacco Product) application!

* * *



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

Stop 9612                                    September 21, 2018

Re:    Appeal, Freedom of Information Act Request No. 18-02520-FOIA, designated on
       appeal as No. 18-00609-APPS

Dear

This responds to your Freedom of Information Act (FOIA) appeal of the FOIA Officer's denial of your July 16, 2018 FOIA request for "all documents in the possession of SEC that pertain to investigations regarding 22nd Century Group (XXII) for the time period January 1, 2016 through July 16, 2018." By letter dated August 13, 2018, the FOIA Officer denied your request pursuant to FOIA Exemption (b)(7)(A). On September 14, 2018, you filed this appeal challenging the FOIA Officer's invocation of Exemption 7(A). I have considered your appeal and it is denied.

I have determined that the FOIA Officer correctly asserted Exemption 7(A).[1] There is a two-step test to determine whether information is protected under Exemption 7(A), whether: (1) a law enforcement proceeding is pending or prospective, and (2) release of information about it could reasonably be expected to cause some articulable harm.[2] We have confirmed with staff that releasing the withheld information could reasonably be expected to interfere with on-going enforcement proceedings.[3]

---

[1] Exemption 7(A) authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information * * * could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A), 17 C.F.R. § 200.80(b)(7)(i).

*Sources – Letter from the SEC Office of the General Counsel (we redacted the Name & Address it was mailed to & the highlights are our additions); Initial SEC FOIA denial; More information on 7 (A) exemptions.*

* * *

**Alleged Undisclosed Stock Promotion for XXII – An IRTH Communications client:**

Since we wrote our earlier article on XXII, Chris Carey at Sharesleuth wrote a damning exposé of a large network of often undisclosed stock promotions that included the creation of fictitious authors. 22nd Century (XXII) was a constant focus of these authors' bullish articles: see Sharesleuth's Pretenders & Ghosts:

Stealth Promotion Network article. This should be required reading for anyone considering investing in XXII, either long or short.

The article suggests how the same authors (sometimes fictitious people) wrote a multitude of bullish investment articles for both IRTH Communication clients & companies backed by Barry Honig, Michael Brauser, and Philip Frost. Since Sharesleuth's article was published, the SEC filed charges (link) against Barry Honig, Michael Brauser, Philip Frost, John H. Ford, et al. for allegedly running pump & dumps and manipulating the stock price of 3 specific companies (assumed to be MBVX, COCP, and MGTI). MBVX was also written on extensively by Samuel Rae, an author of many of the past bullish XXII pieces in 2017 (here & here). John H. Ford, who was charged by the SEC and has already settled the charges (link), was also an author of a positive article on XXII (it has since been removed from SeekingAlpha.com).

Highlights of the Sharesleuth article involving 22nd Century Group include:

- Fake authors like George Ronan writing positive XXII stories. This fake author is shown to have 3 different profile pictures & bios for different investment sites, but despite his multiple fictitious personalities, he is bullish on XXII.
- Lack of disclosure - authors like Samuel Rae did not disclose if they were compensated for or had positions in the stocks. If they were indeed compensated then this lack of disclosure would violate the law.
- Exposed a network of connected authors for XXII (they produced more than 20 positive stories in 2017 alone). Sharesleuth's list of XXII promotional articles is here. Authors were shown to write positive articles about IRTH Communications or Honig-related companies and often right before events like stock offerings.

The exposé of this network of promotional authors is especially important given that last year, the SEC brought enforcement actions against 27 different firms & individuals for stock promotion schemes that led investors to believe they were reading independent, unbiased analyses. (SEC charges)

22nd Century's management has still not explained who authorized or funded the positive articles regarding XXII. Nor has it provided any reasoning for who else could be responsible for these tactics of having fake authors write positive articles.

Furthermore, XXII continues to pay & use IRTH Communications as their investor relations firm. IRTH Communications is still listed as 22nd Century's IR contact on their website & in press releases (link, and link) - even as it sits at the epicenter of these articles.

14

Despite having extraordinarily long quarterly calls in which management talks about hypothetical future licensing deals, 22nd Century has not bothered to offer an explanation for why XXII has consistently been the subject of positive articles from this network of authors or other paid stock promotions.

31.     On this news, shares of 22nd Century fell $0.11 per share or over 4% to close at $2.45 per share on October 25, 2018.

32.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

33.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired 22nd Century securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

34.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, 22nd Century securities were actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.   Record owners and other members of the Class may be identified from records maintained by 22nd Century or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

35.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

36.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

37.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.   Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of 22nd Century;

- whether the Individual Defendants caused 22nd Century to issue false and misleading financial statements during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

16

- whether the prices of 22nd Century securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

38.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.   Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.   There will be no difficulty in the management of this action as a class action.

39.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- 22nd Century securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold 22nd Century securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

40.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

41.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

42.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

44.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of 22nd Century securities; and (iii) cause Plaintiff and other members of the Class to purchase or

otherwise acquire 22nd Century securities and options at artificially inflated prices.   In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

45.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for 22nd Century securities.   Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about 22nd Century finances and business prospects.

46.     By virtue of their positions at 22nd Century, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.   Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.   In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

47.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.   As the senior managers and/or directors of 22nd Century, the Individual Defendants had knowledge of the details of 22nd Century internal affairs.

48.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.   Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of 22nd Century.   As officers and/or directors of a publicly-held Company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to 22nd Century businesses, operations, future financial condition and future prospects.   As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of 22nd Century securities was artificially inflated throughout the Class Period.   In ignorance of the adverse facts concerning 22nd Century business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired 22nd Century securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

49.     During the Class Period, 22nd Century securities were traded on an active and efficient market.   Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of 22nd Century securities at prices artificially inflated by Defendants' wrongful conduct.   Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.   At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of 22nd Century securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.   The market price of 22nd Century

securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

50.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

51.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

52.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.     During the Class Period, the Individual Defendants participated in the operation and management of 22nd Century, and conducted and participated, directly and indirectly, in the conduct of 22nd Century business affairs.  Because of their senior positions, they knew the adverse non-public information about 22nd Century misstatement of income and expenses and false financial statements.

54.     As officers and/or directors of a publicly owned Company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to 22nd Century financial condition and results of operations, and to correct promptly any public statements issued by 22nd Century which had become materially false or misleading.

21

55.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which 22nd Century disseminated in the marketplace during the Class Period concerning 22nd Century results of operations.   Throughout the Class Period, the Individual Defendants exercised their power and authority to cause 22nd Century to engage in the wrongful acts complained of herein.   The Individual Defendants therefore, were "controlling persons" of 22nd Century within the meaning of Section 20(a) of the Exchange Act.   In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of 22nd Century securities.

56.     Each of the Individual Defendants, therefore, acted as a controlling person of 22nd Century.   By reason of their senior management positions and/or being directors of 22nd Century, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, 22nd Century to engage in the unlawful acts and conduct complained of herein.   Each of the Individual Defendants exercised control over the general operations of 22nd Century and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

57.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by 22nd Century.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.      Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated:   January 29, 2019                                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan Lindenfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
          ahood@pomlaw.com
          jlindenfeld@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Plaintiff*

23

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.   I, _Ian M Fitch_ , make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.   I have reviewed a Complaint against 22nd Century Group, Inc. ("22nd Century" or the "Company"), and authorize the filing of a comparable complaint on my behalf.

3.   I did not purchase or acquire 22nd Century securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired 22nd Century securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in 22nd Century securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.   I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

Executed _23 JAN 2019_
        **(Date)**

_____
        **(Signature)**

**22nd Century Group, Inc. (XXII)**                                              **Fitch, Ian, M.**

### List of Purchases and Sales

| Date | Purchase or Sale | Number of Shares/Unit | Price Per Share/Unit |
|------|------------------|-----------------------|----------------------|
| 10/11/2017 | Purchase | 3,300 | $3.0400 |